E-FILED
Thursday, 26 March, 2026  04:01:50 PM
Clerk, U.S. District Court, ILCD

18.5898

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION

| | |
|---|---|
| NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, | ) ) ) |
| *Plaintiff,* | ) ) |
| v. | ) ) Case No.: 2:26-cv-2092 ) |
| ROBERT M. ORRIS, MICHAEL K. ORRIS d/b/a ORRIS FARMS, and MICHAEL DUEKER, as Special Administrator of the Estate of THOMAS DUEKER, Deceased, | ) ) ) ) ) ) |
| *Defendants.* | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

The plaintiff, NATIONWIDE AGRIBUSINESS INSURANCE COMPANY ("NAIC"), by and through its attorneys, Joseph P. Postel and Thomas J. A. Weller of Lindsay, Pickett, & Postel, LLC, hereby submits its complaint for declaratory judgment (pursuant to the Declaratory Judgment Act, 28 U.S.C. 2201 *et seq.*) against the defendants, ROBERT M. ORRIS ("Robert Orris"), MICHAEL K. ORRIS d/b/a ORRIS FARMS ("Michael Orris"), and MICHAEL DUEKER, as Special Administrator of the Estate of THOMAS DUEKER, Deceased.

### Introduction

1. NAIC seeks a declaration that it does not owe any duty to defend or indemnify Robert Orris or Michael Orris on policies of insurance issued by NAIC to them with respect to an underlying lawsuit styled as *Michael Dueker v. Robert M. Orris*, et al., case no. 2026LA21, and currently pending in the Circuit Court for the Sixth Judicial Circuit in Macon County, Illinois (the "underlying lawsuit"). That lawsuit alleges, in sum, that the negligent acts and omissions of Robert Orris (an employee or agent of Michael Orris) in

his operation of a tractor and attached fertilizer applicator caused a motor vehicle collision that resulted in the death of Thomas Dueker. **The NAIC farm policy** provides no coverage to Robert Orris or Michael Orris for the lawsuit because: (1) the alleged bodily injury did not arise out of their personal activities, out of operations usual or incidental to farming, or out of the non-farming rental or holding for rental of an insured location; (2) the business pursuits exclusion applies; (3) the custom farming exclusion applies; and (4) the custom application of anhydrous ammonia exclusion endorsement applies. **The NAIC commercial auto policy** provides no coverage to Robert Orris or Michael Orris for the lawsuit because: (1) the alleged bodily injury did not result from the ownership, maintenance or use of a covered auto; and (2) Robert Orris and Michael Orris are not insureds under the policy with regard to the underlying lawsuit. **The NAIC commercial liability umbrella policy** provides no coverage to Robert Orris or Michael Orris for the lawsuit because: (1) any potential liability of Robert Orris or Michael Orris did not arise out of their farming operations or personal activities; and (2) the custom farming exclusion applies.

### The Parties

2.      NAIC is an Iowa corporation organized under the laws of Iowa, with its principal place of business in Des Moines, Iowa. NAIC is a citizen of Iowa.

3.      Upon information and belief, defendant Robert Orris is an Illinois citizen who resides in Bethany, Illinois.

4.      Defendant Michael Orris is an Illinois citizen who resides in Bethany, Illinois.

5.      Thomas Dueker was an Illinois citizen who resided in Tuscola, Illinois.

2

6. Pursuant to 28 U.S.C. § 1332(c)(2), the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same state as the decedent. Michael Dueker, as Special Administrator of Thomas Dueker's estate, is therefore a citizen of Illinois.

7. Michael Dueker is a "necessary party" to this action under applicable state law and may therefore be a "required party" under FRCP 19, in that he may have an interest in the subject matter of this action. NAIC seeks no relief from Michael Dueker, other than to the extent, if any, that he is interested in the subject matter of this action, that he be bound by the judgment sought herein. If Michael Dueker, by a duly authorized representative, will sign a stipulation to that effect, then NAIC would be willing to voluntarily dismiss him as a defendant.

**Jurisdiction and Venue**

8. The jurisdiction of this Court is based upon 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to this claim occurred in this district.

10. The motor vehicle collision that is the subject of the underlying litigation occurred in Macon County, and the NAIC policy was issued to Michael Orris and Robert Orris in Bethany, Illinois, which is in Moultrie County, both of which are located within the Urbana Division of the United States District Court for the Central District of Illinois.

**The Underlying Litigation**

11.      On February 13, 2026, Michael Dueker, as Special Administrator of the Estate of Thomas Dueker, Deceased, filed his complaint against Robert M. Orris and Michael K. Orris d/b/a Orris Farms, case no. 2026LA21, in the Circuit Court for the Sixth Judicial Circuit, Macon County, Illinois ("the underlying complaint"). A true and correct copy of the underlying complaint is attached hereto as **Exhibit A**.

12.      The underlying complaint alleges that on or about October 23, 2025, Robert Orris was operating a John Deere 9620RX tractor ("tractor") towing a Case IH 5310 Nutri-Placer ("Nutri-Placer") and two-cylinder tanks of anhydrous ammonia in tandem southbound on a paved public roadway, 85th Street, in Mt. Zion Township, Macon County, Illinois  **Ex. A**, ¶¶ 1-4.

13.      The underlying complaint alleges that the John Deere 9620RX tractor was owned by Michael Orris. **Ex. A**, ¶ 5.

14.      The underlying complaint alleges that, at all times relevant, Robert Orris was operating the tractor and the Nutri-Placer as an agent and/or employee of Michael Orris. **Ex. A**, ¶ 6.

15.      The underlying complaint alleges that the Nutri-Placer was in an unfolded state with its left portion extending across the center line of the road, which resulted in Thomas Dueker's northbound vehicle colliding with the Nutri-Placer. **Ex. A**, ¶¶ 8-15.

16.      The underlying complaint alleges that, as a direct and proximate result of the collision, Thomas Dueker sustained fatal injuries and died on October 23, 2025. **Ex. A**, ¶ 17.

4

17.   The underlying complaint alleges that Robert Orris owed a duty of ordinary care in the operation of the tractor and Nutri-Placer and that he negligently and carelessly breached his duty of care, which caused Thomas Dueker's death. **Ex. A**, ¶¶ 19-22.

18.   The underlying complaint alleges two counts under the Wrongful Death Act, one count against Robert Orris (Count I) and one count against Michael Orris under a vicarious liability / agency theory of liability (Count II). **Ex. A**, ¶¶ 19-27.

### The NAIC Policies

### The Farm Policy

19.   NAIC issued a farm policy, policy no. FPK FA017190258535, effective from November 6, 2024, through November 6, 2025. A true and correct copy of the NAIC farm policy is attached hereto as **Exhibit B**.

20.   The farm policy lists Michael Orris and Robert Orris as two of the named insureds on the Declarations pages. The material provisions of the policy are as follows:

**FARM LIABILITY COVERAGE FORM**

**A. COVERAGES**

**COVERAGE H – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.   **INSURING AGREMENT**[1]

a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages to which this insurance does not apply. \*\*\*

\*\*\*

---

[1] As modified by the Farm Liability Amendatory endorsement FL 703 37 08 19.

5

    **b.** This insurance applies to "bodily injury" and "property damage" only if:

        **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" \*\*\*.

        **(2)** The "bodily injury" or "property damage" first occurs during the policy period; and

        **(3)** The "bodily injury" or "property damage" arises out of "personal activities", out of operations usual or incidental to "farming", or out of the non-farming rental or holding for rental of an "insured location", and \*\*\*

\*\*\*

**2.** **EXCLUSIONS**

This insurance does not apply to:

\*\*\*

    **p.** **Business Pursuits**
"Bodily injury" or "property damage" arising out of or in connection with a "business" engaged in by an insured. \*\*\*

    **r.** **Custom Farming And Farm Management**
"Bodily injury" or "property damage" arising out of an insured's performance of, or failure to perform:

        **(1)** "Custom farming" operations of any kind, except as provided under Section B., Additional Coverage 4. Custom Farming[.]

\*\*\*

**B. ADDITIONAL COVERAGES**

    **4. Custom Farming Coverage**

      **a.** Coverage H – Bodily Injury and Property Damage Liability is extended to apply to "custom farming" operations performed by you, subject to the conditions and exclusions below.

      **b.** This Additional Coverage will apply only when your receipts from "custom farming" operations are less than $5,000 for the 12 months immediately preceding the date of the "occurrence".

6

We may inspect your books or records at any time, with reasonable notice, to determine your receipts from "custom farming". See Common Policy Conditions for further information on audits and examinations of your books and records.

***

## F. DEFINITIONS[2]

4.  "**Business**" means a trade, profession, occupation, enterprise or activity, other than "farming", which is engaged in for the purpose of monetary compensation or other compensation.

6.  "**Custom Farming**" means the performance of one or more agricultural operations by an insured, at a farm that is not an "insured location", at the direction of the owner or operator of the farm or the authorized representative of the owner or operator.

    But "custom farming" does not mean:

    a.  Operations conducted at a premises rented to, leased to, or controlled by an insured;

    b.  Operations for which no compensation in money or goods is received.

    ***

    "Custom farming" operations include the use or "loading or unloading" of farm tractors, trailers, implements, or other "mobile equipment" while used under the "custom farming" agreement.

12. "**Farming**" means the operation of an agricultural or aquacultural enterprise *** on your farm premises, maintained solely for the sale of farm products produced principally by you. ***

20. "**Mobile equipment**" means any of the following types of land vehicles, including any attached machinery or equipment:

    a.  Bulldozers, forklifts, farm machinery, farm implements and other vehicles designed for use or used principally off public roads. ***

    b.  Vehicles not licensed under motor vehicle registration, subject

---

[2] As modified by the Changes in Coverage Forms – Mobile Equipment Subject to Motor Vehicle Insurance Laws endorsement FO 708 99 06 06.

7

to a compulsory or financial responsibility law, or subject to other motor vehicle insurance law while being used on an "insured location" or premises immediately adjacent to an "insured location" for "farming" purposes. Vehicles subject to a compulsory or financial responsibility law, or other motor vehicle insurance law are considered "autos".

**c.** Vehicles, other than snowmobiles, that travel on crawler treads;

\*\*\*

However, "mobile equipment" does not include land vehicles that are subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged. Land vehicles subject to a compulsory o[r] financial responsibility law or other motor vehicle insurance law are considered "autos".

**23.** "**Personal Activities**" means any act, omission, decision or transaction that does not arise from any insured's "farming" or "business" activities.

\*\*\*

## CUSTOM APPLICATION OF ANHYDROUS AMMONIA EXCLUSION ENDORSEMENT

This endorsement modifies insurance provided under the following:

FARM LIABILITY COVERAGE FORM

This policy does not apply to the application of anhydrous ammonia away from the "insured location", or to the movement of anhydrous ammonia equipment on public roads, except in connection with your "insured location".

\*\*\*

**Commercial Auto Policy**

21.    NAIC issued a commercial auto policy, policy no. FPK BA017190258535, effective from November 6, 2024, through November 6, 2025. A true and correct copy of the NAIC auto policy is attached hereto as **Exhibit C**.

22.    The auto policy lists Michael Orris and Robert Orris as two of the named insureds on the Declarations pages. The material provisions of the policy are as follows:

**BUSINESS AUTO COVERAGE FORM**

**SECTION I – COVERED AUTOS**

**C. Certain Trailers, Mobile Equipment And Temporary Substitute Autos[3]**

If Covered Autos Liability Coverage is provided by this Coverage Form, the following types of vehicles are also covered "autos" for Covered Autos Liability Coverage:

\*\*\*

**2.**    "Mobile equipment" while being carried or towed by a covered "auto".

\*\*\*

**5.**    Farm wagons or farm implements while being towed by a covered "auto".

**SECTION II – COVERED AUTOS LIABILITY COVERAGE**

**A. Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

\*\*\*

We have the right and duty to defend any "insured" against a "suit" asking for such damages \*\*\*. However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" \*\*\* to which this insurance does not apply. \*\*\*

**1.    Who Is An Insured**
The following are "insureds":

---

[3] As modified by the Business Auto Extension endorsement NCA 70 07 01 18.

9

a. You for any covered "auto".

\*\*\*

**SECTION V - DEFINITIONS**

B. "Auto" means:

a. A land motor vehicle \*\*\* designed for travel on public roads; or

b. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment".

\*\*\*

K. "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:

1. Bulldozers, farm machinery, forklifts and other vehicles designed for use or used principally off public roads. \*\*\*

3. Vehicles that travel on crawler treads;

6. Vehicles not described in Paragraph **1., 2., 3.** or **4.** above maintained primarily for purposes other than the transportation of persons or cargo. \*\*\*

However, "mobile equipment" does not include land vehicles that are subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged. Land vehicles subject to a compulsory or financial responsibility law or other motor vehicle insurance law are considered "autos".

\*\*\*

**Commercial Umbrella Policy**

23. NAIC issued a commercial umbrella policy, policy no. FPK CU017190258535, effective from November 6, 2024, through November 6, 2025. A true and correct copy of the NAIC umbrella policy is attached hereto as **Exhibit D**.

10

24.    The umbrella policy lists Michael Orris and Robert Orris as two of the named insureds on the Declarations pages. The material provisions of the policy are as follows:

**COMMCERIAL LIABILITY UMBRELLA COVERAGE FORM**

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

    **1.**    **Insuring Agreement**

        **a.**    We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. \*\*\* However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.\*\*\*

                \*\*\*

        **c.**    This insurance applies to "bodily injury" and "property damage" only if:

           **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" \*\*\*;

                \*\*\*

**FARM UMBRELLA LIABILITY COVERAGE ENDORSEMENT - ILLINOIS**

This endorsement modifies insurance provided under the following:

FARM UMBRELLA LIABILITY COVERAGE FORM

Subject to the provisions of this endorsement, insurance under the

11

**COMMERCIAL LIABILITY UMBRELLA COVERAGE FORM** also applies with respect to liability arising out of the insured's "farming" operation and "personal activities" provided underlying insurance for them is shown in Item 4 of the Declarations of this policy.

\*\*\*

C.  Under **SECTION I – COVERAGES COVERGAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY** 2. **EXCLUSIONS**, the following are added:

\*\*\*

  e.  **Custom Farming**
      "Bodily injury" or "property damage" arising out of the insured's:

  1)  Performance of; or

  2)  Failure to perform;

  "custom farming" operations.

  This Exclusion e. does not apply to the extent that valid "underlying insurance" for the "custom farming" liability risks described above exists or would have existed but for the exhaustion of underlying limits for "bodily injury" and "property damage". To the extent this exclusion does not apply, the insurance provided under this policy for the "custom farming" risks described above will follow the same provisions, exclusions and limitations that are contained in the applicable "underlying insurance", unless otherwise directed by this insurance.

\*\*\*

K.  Under **SECTION V DEFINITIONS**, the following are added:

\*\*\*

  2.  "**Custom Farming**" means performance of specific planting, cultivating, harvesting or similar specific "farming" operations by an insured, at a farm that is not an "insured location", when the performance is for, and under the direction or supervision of, the owner or operator of the farm or the authorized representative of the owner or operator. \*\*\*

12

4. "**Farming**":

    **a.** Means the operation of an agricultural or aquacultural enterprise, and includes the operation of roadside stands, on your farm premises, maintained solely for the sale of farm products produced principally by you.**\*\*\***

7. "**Personal Activities**" means any act, omission, decision or transaction that does not arise from any insured's "farming" or business activities.

***

25. There may be other material provisions in the policies and NAIC reserves the right to plead them in the future.

**Coverage Allegations**

**COUNT I**
**No Duty to Defend or Indemnify Robert Orris and Michael Orris under the Farm Policy**

26. NAIC restates and incorporates the allegations in paragraphs 1 through 25, as if set forth fully herein.

27. The NAIC farm policy's Coverage H – Bodily Injury and Property Damage Liability provides coverage for damages because of "bodily injury" or "property damage" caused by an "occurrence" arising out of specific circumstances.

28. First, the "bodily injury" can arise out of "personal activities."

29. The policy defines "personal activities" as "any act, omission, decision or transaction that does not arise from any insured's 'farming' or 'business' activities."

30. The policy defines "business" as "a trade, profession, occupation, enterprise or activity, other than 'farming', which is engaged in for the purpose of monetary compensation or other compensation."

13

31.    The policy defines "farming" as "the operation of an agricultural or aquacultural enterprise *** on your farm premises, maintained solely for the sale of farm products produced principally by you."

32.    The term "you" in the farm policy refers to the policy's named insureds, including Robert Orris and Michael Orris.

33.    The underlying complaint alleges that Thomas Dueker's death was caused by Robert Orris's negligent operation of the tractor and Nutri-Placer.

34.    On October 23, 2025, Robert Orris was operating the tractor on a public road in order to transport the Nutri-Placer and two-cylinder tanks of anhydrous ammonia in connection with "custom farming" operations he was performing for a neighbor on the neighbor's field.

35.    The policy defines "custom farming" as "the performance of one or more agricultural operations by an insured, at a farm that is not an 'insured location', at the direction of the owner or operator of the farm or the authorized representative of the owner or operator."

36.    The policy's definition of "custom farming" operations includes the use of farm tractors, trailers, implements, or other "mobile equipment" while used under the "custom farming" agreement.

37.    The tractor is "mobile equipment" because it is a farm implement designed for use or used principally off public roads and because, upon information and belief, it travels on crawler treads.

38.    The Nutri-Placer is "mobile equipment" because it is a farm implement designed for use or used principally off public roads.

14

39.     Because Robert Orris's "custom farming" operation for a neighbor was not the operation of an agricultural enterprise on Michael Orris or Robert Orris's farm premises, maintained solely for the sale of farm products they principally produce, it was not "farming."

40.     Because this "custom farming" operation was a trade, profession, occupation, enterprise or activity, other than "farming," which was engaged in for the purpose of monetary compensation or other compensation, it was a "business" activity.

41.     Because this "custom farming" operation was an act, decision or transaction that arose out of Robert Orris and Michael Orris's "business" activities, it was not a "personal activity."

42.     Second, the "bodily injury" can arise out of operations usual or incidental to "farming."

43.     Robert Orris's operation and transportation of the Nutri-Placer and anhydrous ammonia tanks was in connection with his and Michael Orris's "custom farming" operations for a neighbor and not operations usual or incidental to "farming."

44.     Third, the "bodily injury" can arise out of the non-farming rental or holding for rental of an "insured location."

45.     The "custom farming" operation Robert Orris was performing for a neighbor on October 23, 2025, did not involve the non-farming rental or holding for rental of an "insured location" under the farm policy.

46.     Because the "bodily injury" alleged in the underlying complaint did not arise out of "personal activities," out of operations usual or incidental to "farming," or out

15

of the non-farming rental or holding for rental of an "insured location," there is no coverage under Coverage H of the farm policy.

47.     Additionally, there is no coverage under Coverage H because the farm policy's business pursuits exclusion applies.

48.     The business pursuits exclusion applies because Thomas Dueker's "bodily injury" arose out of or in connection with a "business" engaged in by Robert Orris and Michael Orris: the "custom farming."

49.     Further, there is no coverage under Coverage H because the farm policy's custom farming exclusion applies.

50.     The custom farming exclusion applies because Thomas Dueker's alleged "bodily injury" arose out of Rober Orris's performance of "custom farming" operations.

51.     There is an exception to the custom farming exclusion for when the "custom farming" operation falls within the farm policy's Additional Coverage 4. Custom Farming.

52.     Additional Coverage 4. Custom Farming extends the coverage provided under Coverage H to "custom farming" operations performed by a named insured but only when "your receipts from 'custom farming' operations are less than $5,000 for the 12 months immediately preceding the date of the 'occurrence.'"

53.     NAIC has asked Robert Orris for this information and, despite being obligated under the farm policy to provide this information, he has not responded.

54.     Upon information and belief, Robert Orris and Michael Orris's receipts from "custom farming" operations for the 12 months immediately preceding October 23, 2025, were more than $5,000.

16

55. Therefore, there is no coverage under Additional Coverage 4. Custom Farming.

56. Because there is no coverage under Additional Coverage 4., the exception to the farm policy's custom farming exclusion does not apply.

57. The farm policy includes a "custom application of anhydrous ammonia exclusion" endorsement which precludes coverage under the policy for "the application of anhydrous ammonia away from an 'insured location'" or "the movement of anhydrous ammonia equipment on public roads, except in connection with a named insured's 'insured location.'"

58. The underlying complaint alleges that the collision that caused Thomas Dueker's death occurred while Robert Orris was operating a tractor towing the Nutri-Placer and two-cylinder tanks of anhydrous ammonia on a public road.

59. Robert Orris's towing of the anhydrous ammonia equipment was not in connection with his "insured location" but rather a "custom farming" operation he was performing for a neighbor.

60. Therefore, the custom application of anhydrous ammonia exclusion endorsement excludes all coverage for Michael Orris and Robert Orris under the farm policy for the underlying litigation.

61. As a result of the foregoing, NAIC does not owe a duty to defend or indemnify Robert Orris and Michael Orris against the underlying litigation under the farm policy.

62.     There may be other bases on which NAIC can properly deny a defense and indemnity to Robert Orris and Michael Orris under the farm policy and NAIC reserves the right to plead them in the future.

WHEREFORE, the plaintiff, Nationwide Agribusiness Insurance Company, respectfully requests that this honorable court enter a declaratory judgment, pursuant to the Declaratory Judgment Act, 28 USC 2201 *et seq*., finding and declaring that NAIC owes no duty to defend or indemnify the defendants, Robert M. Orris and Michael K. Orris d/b/a Orris Farms, under its farm policy, with respect to the underlying complaint filed against them on behalf of Michael Dueker, as Special Administrator of the Estate of Thomas Dueker, Deceased, and for such other and further relief as the court shall deem just.

## COUNT II
### No Duty to Defend or Indemnify Robert Orris and Michael Orris under the Auto Policy

63.     NAIC restates and incorporates the allegations in paragraphs 1 through 25, as if set forth fully herein.

64.     The NAIC auto policy provides coverage for damages because of "bodily injury" or "property damage" caused by an "accident" and resulting from the ownership, maintenance, or use of a covered "auto."

65.     The auto policy's definition of "auto" states that the term "auto" does not include "mobile equipment."

66.     The Nutri-Placer is not an "auto" because it is "mobile equipment."

67.     The Nutri-Placer is "mobile equipment" because it is farm machinery that is designed for use or used principally off public roads.

18

68.     Alternatively, the Nutri-Placer is "mobile equipment" because it is a vehicle maintained primarily for purposes other than the transportation of persons or cargo.

69.     Specifically, the Nutri-Placer is a vehicle maintained to provide mobility to permanently mounted fertilizer application equipment.

70.     Finally, the Nutri-Placer is "mobile equipment" because it is not a land vehicle subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

71.     Under the business auto coverage form, "mobile equipment" or farm implements are considered covered "autos" if they are being towed by a covered "auto."

72.     The underlying complaint alleges that, at the time of the collision, Robert Orris was operating a John Deere 9620RX tractor towing the Nutri-Placer and anhydrous ammonia tanks.

73.     The tractor is not a covered "auto" because it is "mobile equipment."

74.     The tractor is "mobile equipment" because it is farm machinery that is designed for use or used principally off public roads.

75.     Additionally, the tractor is "mobile equipment" because, upon information and belief, it is a vehicle that travels on crawler treads.

76.     Further, the tractor is "mobile equipment" because it is not a land vehicle subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

77.     Because the tractor towing the Nutri-Placer is not a covered "auto," the Nutri-Placer is not "mobile equipment" or a farm implement that is considered to be a covered "auto."

78.     Because the "bodily injury" alleged in the underlying complaint did not result from the ownership, maintenance or use of a covered "auto," there is no coverage for the underlying lawsuit under the auto policy.

79.     Additionally, the auto policy's definition of an "insured" includes, as relevant here, "you for any covered 'auto.'"

80.     The term "you" within the auto policy refers to any named insured shown in the auto policy's declarations, including Robert Orris and Michael Orris.

81.     Because the tractor and Nutri-Placer are not covered "autos," Robert Orris and Michael Orris are not "insureds" under the auto policy with regard to the underlying lawsuit.

82.     As a result of the foregoing, NAIC does not owe a duty to defend or indemnify Robert Orris and Michael Orris against the underlying litigation under the auto policy.

83.     There may be other bases on which NAIC can properly deny a defense and indemnity to Robert Orris and Michael Orris under the auto policy and NAIC reserves the right to plead them in the future.

WHEREFORE, the plaintiff, Nationwide Agribusiness Insurance Company, respectfully requests that this honorable court enter a declaratory judgment, pursuant to the Declaratory Judgment Act, 28 USC 2201 *et seq*., finding and declaring that NAIC owes no duty to defend or indemnify the defendants, Robert M. Orris and Michael K. Orris d/b/a Orris Farms, under its commercial auto policy, with respect to the underlying complaint filed against them on behalf of Michael Dueker, as Special Administrator of the Estate of

20

Thomas Dueker, Deceased, and for such other and further relief as the court shall deem just.

**COUNT III**
**No Duty to Defend or Indemnify Robert Orris and Michael Orris under the Umbrella Policy**

84.    NAIC restates and incorporates the allegations in paragraphs 1 through 25, as if set forth fully herein.

85.    The NAIC commercial liability umbrella policy provides coverage for the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which the policy applies.

86.    The umbrella policy's farm umbrella liability coverage endorsement – Illinois provides that the commercial liability umbrella coverage form also applies with respect to liability arising out of the insured's "farming" operations and "personal activities" provided underlying insurance for them is shown in Item 4 of the Declarations of the umbrella policy.

87.    The umbrella policy defines "farming" as "the operation of an agricultural or aquacultural enterprise *** on your farm premises, maintained solely for the sale of farm products produced principally by you.

88.    The policy defines "personal activities" as "any act, omission, decision or transaction that does not arise from any insured's 'farming' or business activities."

89.    The underlying complaint alleges that Thomas Dueker's death was caused by Robert Orris's negligent operation of the tractor and Nutri-Placer.

90.    On October 23, 2025, Robert Orris was operating the tractor on a public road to transport the Nutri-Placer and two-cylinder tanks of anhydrous ammonia in

21

connection with "custom farming" operations he was performing for a neighbor on the neighbor's field.

91.     The policy defines "custom farming" as the "performance of specific planting, cultivating, harvesting or similar specific 'farming' operations by an insured, at a farm that is not an 'insured location', when the performance is for, and under the direction or supervision of, the owner or operator of the farm or the authorized representative of the owner or operator."

92.     Because Robert Orris's "custom farming" operation for a neighbor was not the operation of an agricultural enterprise on Michael Orris or Robert Orris's farm premises, maintained solely for the sale of farm products they principally produce, it was not "farming."

93.     Because this "custom farming" operation was an act, decision or transaction that arose out of Robert Orris and Michael Orris's business activities, it was not a "personal activity."

94.     Because any potential liability on behalf of Robert Orris and Michael Orris in the underlying lawsuit would not arise out of their "farming" operations or "personal activities," the expanded coverage provided by the umbrella policy's farm umbrella liability coverage endorsement – Illinois does not apply.

95.     There is no coverage under the umbrella policy because the custom farming exclusion applies.

96.     The custom farming exclusion applies because Thomas Dueker's alleged "bodily injury" arose out of Robert Orris' performance of "custom farming" operations.

22

97.     The umbrella policy's custom farming exclusion has the same exception as in the underlying farm policy: it does not apply if Robert Orris and Michael Orris's receipts from "custom farming" operations are less than $5,000 for the 12 months immediately preceding the date of the "occurrence."

98.     NAIC has asked Robert Orris for this information and, despite being obligated under the umbrella policy to provide this information, he has not responded.

99.     Upon information and belief, Robert Orris and Michael Orris's receipts from "custom farming" operations for the 12 months immediately preceding October 23, 2025, are more than $5,000.

100.    Therefore, this exception to the umbrella policy's custom farming exclusion does not apply.

101.    As a result of the foregoing, NAIC does not owe a duty to defend or indemnify Robert Orris and Michael Orris against the underlying litigation under the umbrella policy.

102.    There may be other bases on which NAIC can properly deny a defense and indemnity to Robert Orris and Michael Orris under the umbrella policy and NAIC reserves the right to plead them in the future.

WHEREFORE, the plaintiff, Nationwide Agribusiness Insurance Company, respectfully requests that this honorable court enter a declaratory judgment, pursuant to the Declaratory Judgment Act, 28 USC 2201 et seq., finding and declaring that NAIC owes no duty to defend or indemnify the defendants, Robert M. Orris and Michael K. Orris d/b/a Orris Farms, under their commercial liability umbrella policy, with respect to the underlying complaint filed against them on behalf of Michael Dueker, as Special

23

Administrator of the Estate of Thomas Dueker, Deceased, and for such other and further

relief as the court shall deem just.

Respectfully submitted,
LINDSAY, PICKETT & POSTEL, LLC


By:    /s/ Joseph P. Postel
_____
One of the attorneys for Plaintiff,
NATIONWIDE AGRIBUSINESS
INSURANCE COMPANY

Joseph P. Postel, ARDC # 6189515
jpostel@lpplawfirm.com
312-800-6008
Thomas J.A. Weller, ARDC # 6346528
tweller@lpplawfirm.com
312-767-0345
**Lindsay, Pickett & Postel, LLC**
200 W. Madison Street, Suite 3850
Chicago, IL 60606
Fax: (312) 629-1404